**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **KIMBERLY GARCIA,** | § | **CIVIL ACTION NO.** |
| | § | |
| **VS.** | § | **JURY DEMANDED** |
| | § | |
| | § | |
| **ALLSTATE VEHICLE & PROPERTY** | § | **NOTICE OF REMOVAL OF ACTION** |
| **INSURANCE COMPANY** | § | **UNDER 28 U.S.C.§ 1441(a** |

## NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

Please take notice that, pursuant to 28 U.S.C. § 1441 and 1446, Allstate Vehicle and Property Insurance Company, Defendant herein, removes to this Court the state court action pending in the 234th District Court, Harris County, Texas invoking this Court's diversity jurisdiction, on the grounds explained below.

### BASIS FOR REMOVAL

1.     On April 9, 2024, Plaintiff filed suit in Harris County against the Defendant. The suit was assigned to the 234th District Court, Harris County, Texas, styled Cause No. 2024-22525, *Kimberly Garcia v. Allstate Vehicle and Property Insurance Company.* Defendant Allstate was served/received notice of this suit on April 9, 2024. As required by 28 U.S.C. § 1446(b)(3), Allstate files this notice of removal within thirty (30) days following receipt by Defendant of the initial pleadings.

2.     Removal of this action is proper because this Court has original diversity jurisdiction under 28 U.S.C. § 1332 and the action is one that may be removed by Defendant pursuant to 28 U.S.C. § 1441(b)(3); specifically, this is a civil action wherein

the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, and the Defendant is diverse in citizenship from the Plaintiff.

3.      There is complete diversity among the parties as required by 28 U.S.C. § 1332(a).  Plaintiff is a citizen of Texas.  Allstate is a corporation incorporated under the laws of the State of Illinois, having its principal place of business now and at the time this action was commenced at Northbrook, Cook County, in the State of Illinois. Allstate is now, and was at the time this action was commenced, a citizen of the State of Illinois.

4.      The amount in controversy exceeds $75,000.00 as required by 28 U.S.C. § 1332 (a).  Plaintiff's Original Petition recites that they are seeking actual damages, statutory damages, and attorney's fees for breach of contract, breach of the duty of good faith and fair dealing, fraud, violations of the Deceptive Trade Practices Act, and Chapter 541 and 542 of the Texas Insurance Code.  Further, Plaintiff's Petition states Plaintiff is seeking of $250,000.00 to $1,000,000.00, excluding interest, statutory or punitive damages and penalties, and attorney fees and costs, for her damages.  Thus, Plaintiff's Petition shows on its face, that Plaintiff's claims are in excess of $75,000.00.  *See* Plaintiff's Petition incorporated herein under Exhibit "A".

5.      The Clerk's full record in this case is attached as Exhibit "A".  A list of all Counsel of Record is attached as Exhibit "B". The Civil Cover Sheet is attached as Exhibit "C".

6.      Venue is proper in this district because the district and division embrace the place where the removal action has been pending.

7.      Defendant will promptly provide written notice of the filing of this Notice of Removal to all parties and to the clerk of the 234th District Court, Harris County, Texas.

8.　Defendant respectfully requests that the state court action be removed and placed on this Court's docket for further proceedings.　Defendant further requests any additional relief to which it may be justly entitled.

Respectfully submitted,

HOPE & CAUSEY, P. C.

*Alexander S. Taylor*

_____

Alexander S. Taylor
State Bar No. 24098505
P. O. Box 3188
Conroe, Texas 77305-3188
(936) 441-4673 - Metro
(936) 441-4674 - Facsimile
hcdocket@hope-causey.com

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure, I hereby certify that a true and correct copy of the foregoing instrument has been delivered to all interested parties on May 1, 2024, via e-filing addressed to:

G. Brandon Schilter
Chad T. Wilson Law Firm, PLLC
455 E. Medical Center Blvd., Suite 555
Webster, Texas 77598
bschilter@cwilsonlaw.com

**ATTORNEY FOR PLAINTIFF**

*Alexander S. Taylor*

_____

Alexander S. Taylor

# EXHIBIT

# A

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **KIMBERLY GARCIA** | § | **CIVIL ACTION NO.** |
| | § | |
| **VS.** | § | **JURY DEMANDED** |
| | § | |
| **ALLSTATE VEHICLE AND** | § | **NOTICE OF REMOVAL OF** |
| **PROPERTY INSURANCE** | § | **ACTION UNDER 28 U.S.C.** |
| **COMPANY** | § | |

**INDEX OF DOCUMENTS**

| | DESCRIPTION |
|---|---|
| **1** | Request for Issuance of Service, April 9, 2024 |
| **2** | Plaintiff's Original Petition, April 9, 2024 |
| **3** | Citation (Executed) Allstate Vehicle & Property Insurance, April 15, 2024 |
| **4** | Defendant's Original Answer, April 19, 2024 |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

# EXHIBIT 1



4/9/2024 4:24:37 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 86470406
By: CLAUSELL, CYNTHIA
Filed: 4/9/2024 4:24:37 PM

# Marilyn Burgess
## HARRIS COUNTY DISTRICT CLERK

201 Caroline | P.O. Box 4651 | Houston, Texas 77210-4651 | 832-927-5800 | www.hcdistrictclerk.com

## Request for Issuance of Service

**CASE NUMBER:** _____     **CURRENT COURT:** _____

**Name(s) of Documents to be served:**     Plaintiff's Original Petition

**FILE DATE:** _04/09/2024_____ Month/Day/Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

**Issue Service to:**  Allstate Vehicle and Property Insurance Company

Address of Service: _____1999 Bryan Street, Suite 900_____

City, State & Zip: _____Dallas, Texas 75201-3136_____

Agent (if applicable) _____CT Corporation System_____

**TYPE OF SERVICE/PROCESS TO BE ISSUED:** (Check the proper Box)

☒ **Citation**       ☐ **Citation by Posting**       ☐ **Citation by Publication**       ☐ **Citations Rule 106 Service**

☐ **Citation Scire Facias**       **Newspaper**_____

☐ **Temporary Restraining Order**       ☐ **Precept**       ☐ **Notice**

☐ **Protective Order**

☐ **Secretary of State Citation ($12.00)**       ☐ **Capias** (not by E-Issuance)       ☐ **Attachment** (not by E-Issuance)

☐ **Certiorari**       ☐ **Highway Commission ($12.00)**

☐ **Commissioner of Insurance ($12.00)**       ☐ **Hague Convention ($16.00)**       ☐ **Garnishment**

☐ **Habeas Corpus** (not by E-Issuance)       ☐ **Injunction**       ☐ **Sequestration**

☐ **Subpoena**

☐ **Other (Please Describe)** _____

**(See additional Forms for Post Judgment Service)**

**SERVICE BY** (*check one*)**:**

☐ **ATTORNEY PICK-UP (phone)** _____       ☒ **E-Issuance by District Clerk**
☐ **MAIL to attorney at:** _____       **(No Service Copy Fees Charged)**
☐ **CONSTABLE**       *Note:* The email registered with EfileTexas.gov must be
☐ **CERTIFIED MAIL by District Clerk**       used to retrieve the E-Issuance Service Documents.
       Visit www.hcdistrictclerk.com for more instructions.

☐ **CIVIL PROCESS SERVER -** Authorized Person to Pick-up: _____       Phone: _____

☐ **OTHER,** *explain* _____

**Issuance of Service Requested By:** Attorney/Party Name: _Brandon Schilter_     Bar # or ID _24098388_

Mailing Address: _455 E. Medical Center Blvd., Ste. 555, Webster, Texas 77598_

Phone Number: _832-415-1432_____

# EXHIBIT

# 2

4/9/2024 4:24 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 86470406
By: Cynthia Clausell-McGowan
Filed: 4/9/2024 4:24 PM

CAUSE NO. _____

| | | |
|---|---|---|
| KIMBERLY GARCIA, | § | IN THE JUDICIAL COURT OF |
| | § | |
| *Plaintiff,* | § | |
| | § | HARRIS COUNTY, TEXAS |
| V. | § | |
| | § | |
| ALLSTATE VEHICLE AND PROPERTY | § | |
| INSURANCE COMPANY, | | |
| | § | |
| *Defendant.* | § | DISTRICT COURT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Kimberly Garcia, ("Plaintiff"), and files *Plaintiff's Original Petition*, complaining of Allstate Vehicle and Property Insurance Company ("Allstate") (or "Defendant") and for cause of action, Plaintiff respectfully shows the following:

### DISCOVERY CONTROL PLAN

1. Plaintiff intends to conduct discovery under Level 3, Texas Rules of Civil Procedure 190.4.

### PARTIES

2. Plaintiff, Kimberly Garcia, resides in Harris County, Texas.

3. Defendant, Allstate Vehicle and Property Insurance Company, is a foreign insurance company, engaged in the business of insurance in the State of Texas. Plaintiff requests service of citation upon Allstate, through its registered agent for service listed with the Texas Department of Insurance, or wherever they may be found. Plaintiff requests service at this time.

### JURISDICTION

4. The Court has jurisdiction over Allstate because this Defendant engages in the business of insurance in the State of Texas, and the causes of action arise out of Allstate's business

*Plaintiff's Original Petition*                                   *Page 1*

activities in the state, including those in Harris County, Texas, with reference to this specific case.

## VENUE

5.    Venue is proper in Harris County, Texas because the insured property is located in Harris County, Texas, and all or a substantial part of the events giving rise to this lawsuit occurred in Harris County, Texas.  TEX. CIV. PRAC. & REM. CODE § 15.032.

## FACTS

6.    Plaintiff asserts claims for breach of contract, common law bad faith, fraud, violations of sections 541 and 542 of the Texas Insurance Code, and violateions of the Texas DTPA.

7.    Plaintiff owned an Allstate insurance policy, number 000429815344 ("the Policy"). At all relevant times, Plaintiff owned and insured premises located at 7023 Jacktree Lane, Baytown, Texas 77521 ("the Property").

8.    Allstate Vehicle and Property Insurance Company or its agentsole the Policy, insuring the Property, to Plaintiff. Allstate Vehicle and Property Insurance Company represented to Plaintiff that the Policy included coverage for water damage to Plaintiff's property. Coverage for all perils began March 06, 2023 to March 06, 2024 ("Policy Period"). Allstate has refused coverage currently owed to Plaintiff.

9.    The Property sustained extensive damage resulting from a water leak during the Policy Period.

10.   In the aftermath of the leak, Plaintiff submitted a Claim to Allstate Vehicle and Property Insurance Company against the Policy for damage to the Property. Allstate assigned claim number 0726850811 to Plaintiff's claim ("the Claim"). The claim was assigned a date of loss of August 27, 2023.

*Plaintiff's Original Petition*                         *Page 2*

11. Plaintiff asked Allstate to cover the cost of damage to the Property pursuant to the Policy.

12. Allstate Vehicle and Property Insurance Company hired or assigned its agent, ("Agent"), to inspect and adjust the claim. Agent conducted an inspection on or about August 30, 2023.

13. Agent represented to Plaintiff the damage to the Property was not covered under policy provisions.

14. Allstate, through its agent, conducted a substandard and improper inspection of the Property, which grossly undervalued the cost of repairs in its estimate and yielded an unrealistic amount to underpay coverage.

15. Allstate has ultimately refused coverage which includes, but is not limited to, the dwellings kitchen.

16. The damage to Plaintiff's property is currently estimated at $20,705.77.

17. Agent had a vested interest in undervaluing the claims assigned to them by Allstate in order to maintain their employment. The disparity in the number of damaged items in their report compared to that of the third-party inspector's, as well as the difference in valuation, is evidence of unfair claims handling practices on the part of Agent.

18. Furthermore, Agent was aware of Plaintiff's $7,963.00 deductible prior to inspecting the Property.

19. Agent misrepresented the actual amount of damange Plaintiff's Property sustained in addition to how much it would cost to repair the damage. Agent made these misrepresentations as a licensed Texas adjuster with the hope that Plaintiff would rely on their expertise and accept the bad faith estimate as a true representation of the damages.

20. After reviewing Plaintiff's Policy, Agent misrepresented that the damage was caused by

*Plaintiff's Original Petition*                    *Page 3*

non-covered perils. Agent used their expertise to fabriacate plausible explanations for why visible damage to Plaintiff's Property would not be covered under the policy.

21. As stated above, Allstate improperly and unreasonably adjusted Plaintiff's Claim. Without limitation, Allstate misrepresented the cause of, scope of, and cost to repair damages to Plaintiff's Property, as well as the amount of insurance coverage for Plaintiff's Claim or loss under the Policy.

22. Allstate made these and other false representations to Plaintiff, either knowingly or recklessly, as a positive assertaion, without knowledge of the truth. Allstate made these false representations with the intent that Plaintiff acts in accordance with the misrepresentations regarding the grossly deficient damage and repair estimates prepared by Agent.

23. Plaintiff relied on Allstate's misrepresentations, including but not limited to those regarding coverage, the cause of, scope of, and cost to repoar the damage to Plaintiff's Property. Plaintiff's damages are the result of Plaintiff's reliance on these misrepresentations.

24. Upon receipt of the inspection and estimate reports from Agent, Allstate failed to assess the Claim thoroughly. Basec upon Agent's grossly unreasonable, intentional, and reckless failure to investigate the Claim properly prior to underpaying coverage, Allstate failed to provide coverage due under the Policy, and Plaintiff suffered damages.

25. Because Allstate failed to provide coverage for Plaintiff's insurance Claim, Plaintiff has been unable to complete any substantive repairs to the Property. This has cause additional damage to Plaintiff's Property.

26. Furthermore, Allstate failed to perform their contractual duties to Plaintiff under the terms

of the Policy. Specifically, performed an unreasonable and substandard inspection that allowed Allstate to refuse to pay full proceeds due under the Policy, although due demand was made for an amount sufficient to cover the damaged Property, and all conditions precedent to recover upon the Polciy were carried out by Plaintiff.

27.    Allstate's misrepresentations, unreasonable delays, and continued denials constitute a breach of the stauatory obligations under Chapters 541 and 542 of the Texas Insurance Code. Thus, the breach of the statutory duties constitutes the foundation of a breach of the insurance contract between Defendant and Plaintiff.

28.    Allstate's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a0(1). Allstate has failed to settle Plaintiff's Claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. Specifically, Allstate has failed to, in an honest and fair manner, balance their own interest in maximizing gains and limiting disbursements, with the interests of Plaintiff by failing to timely pay Plaintiff coverage due under the Policy.

29.    Allstate's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX INS. CODE § 541.060(a)(2)(A). Allstate failed to provide Plaintiff a reasonable explanation for underpayment of the Claim.

30.    Additionally, after Allstate received statutory demand on or about January 17, 2024, Allstate has not communicated that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for failing to settle Plaintiff's Claim properly.

31.    Allstate's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(4). Agent performed a biased and intentionally

*Plaintiff's Original Petition*                    *Page 5*

substandard inspection designed to allow Allstate to refuse to provide coverage to Plaintiff under the Policy.

32.    Specifically, Allstate performed an outcome-oriented investigation of Plaintiff's Claim, which resulted in a biased, unfairm and inequitable evaluation of Plaintiff's losses on the Property.

33.    Allstate's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055. Due to Agent's subpar inspection, Allstate failed to reasonably accept or deny Plaintiff's full and entire Claim within the statutorily mandated time after receiving all necessary information.

34.    Allstate's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims, Allstate failed to meet its obligations under the Texas Insurance Code regarding timely payment of Claim. Specifically, Agent's understatement of the damage to the Property caused Allstate to delay full payment of Plaintiff's Claims longer than allowed, and Plaintiff has not received payment to Plaintiff's Claim.

35.    Allstate's wrongful acts and omissions have forced Plaintiff to retaint the professional services of the attorneys and law firm representing her with respect to these causes of action.

## CAUSES OF ACTION AGAINST DEFENDANT

36.    All paragraphs from the fact section of this petition are hereby incorporated into this section.

## BREACH OF CONTRACT

37.    Allstate is liable to Plaintiff for intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing.  It follows, then,

that the breach of the statutory duties constitutes the foundation of an intentional breach of the insurance contract between Allstate and Plaintiff.

38. Allstate's failure and/or refusal to pay adequate coverage as obligated under the Policy, and under the laws of the State of Texas, constitutes a breach of Allstate's insurance contract with Plaintiff.

**NON-COMPLIANCE WITH THE TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES**

39. All allegations above are incorporated herein.

40. Allstate's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are actionable by TEX. INS. CODE §541.151.

41. Allstate's unfair settlement practice of misrepresenting to Plaintiff material facts relating to coverage constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (1).

42. Allstate's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claim, even though Allstate's liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (2) (A).

43. Allstate's unfair settlement practice of failing to provide Plaintiff a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for underpayment and denial of the claim, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (3).

44. Allstate's unfair settlement practice of failing within a reasonable time to affirm or deny

coverage of the Claim to Plaintiff constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

45.     Allstate's unfair settlement practice of refusing to pay Plaintiff's full claim without conducting a reasonable investigation constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a) (7).

## NON-COMPLIANCE WITH THE TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

46.     All allegations above are incorporated herein.

47.     Allstate's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims.  All violations made under this article are actionable under TEX. INS. CODE §542.060.

48.     Allstate's failure to notify Plaintiff in writing of its acceptance or rejection of the full Claim within the applicable time constraints constitutes a non-prompt payment in violation of TEX. INS. CODE §542.056.

49.     Allstate's delay in paying Plaintiff's claim following receipt of all items, statements, and forms reasonably requested and required, for longer than the amount of time provided, constitutes a non-prompt payment of the claim.  TEX. INS. CODE §542.058.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

50.     All allegations above are incorporated herein.

51.     Allstate's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to an insured in insurance contracts.

52.     Allstate's failure to adequately and reasonably investigate and evaluate Plaintiff's claim, even though, at the time, Allstate knew or should have known by the exercise of reasonable

diligence that liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## DTPA VIOLATIONS

53.     All allegations above are incorporated herein.

54.     Allstate's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63. Plaintiff is a consumer of goods and services provided by Allstate pursuant to the DTPA. Plaintiff has met all conditions precedent to bring this cause of action against Allstate. Specifically, Allstate's violations of the DTPA include, without limitation, the following matters:

A.     By its acts, omissions, failures, and conduct, Allstate has violated sections 17.46(b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA. Allstate's violations include, (1) unreasonable delays in the investigation, adjustment, and resolution of Plaintiff's claim, (2) failure to give Plaintiff the benefit of the doubt, and (3) failure to pay for the proper repair of Plaintiff's property when liability has become reasonably clear, which gives Plaintiff the right to recover under section 17.46(b)(2).

B.     Allstate represented to Plaintiff that the Policy and Allstate's adjusting agent and investigative services had characteristics or benefits they did not possess, which gives Plaintiff the right to recover under section 17.46(b)(5) of the DTPA.

C.     Allstate also represented to Plaintiff that the Policy and Allstate's adjusting services were of a particulat standar, quality, or grade when they were of another, in violations of section 17.46(b)(&) of the DTPA.

D.     Furthermore, Allstate advertised the Policy and adjusting services with the intent

not to sell them as advertised, in violation of section 17.46(b)(9) of the DTPA.

E.   Allstate breached an express warranty that the damages caused by wind and hail would be covered under the Policy.  This breach entitles Plaintiff to recover under sections 17.46(b) (12) and (20) and 17.50(a) (2) of the DTPA.

F.   Allstate's actions are unconscionable in that Allstate took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree.  Allstate's unconscionable conduct gives Plaintiff a right to relief under section 17.50(a) (3) of the DTPA; and

G.   Allstate's conduct acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

55.   Each of the above-described acts, omissions, and failures of Allstate is a producing cause of Plaintiff's damages.  All of Allstate's acts, omissions, and failures were committed "knowingly" and "intentionally," as defined by the Texas Deceptive Trade Practices Act.

## KNOWLEDGE

56.   Defendant made each of the acts described above, together and singularly, "knowingly," as defined in the Texas Insurance Code, and each was a producing cause of Plaintiff's damages described herein.

## WAIVER AND ESTOPPEL

57.   Defendant waived and is estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiff.

## DAMAGES

58.    Since the Claim was made, Allstate has not properly compensated Plaintiff for all necessary repairs made, which are covered under the Policy. This has caused undue hardship and burden to Plaintiff. These damages are a direct result of Defendants' mishandling of Plaintiff's Clakm in violation of the laws set forth above.

59.    Plaintiff currently estimates that actual damages to the Property under the Policy are $20,705.77.

60.    Defendant made the above and other false representations to Plaintiff, either knowingly or recklessly, as a positive assertion, without knowledge of the truth. Defendant made these false misrepresentations with the intent that Plaintiff acts in accordance with the misrepresenations. Plaintiff then relied on these misrepresentations, including but not limited to those regarding coverage and the cause and scope of damage. Plaintiff suffered damages as a result.

61.    Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing cause of the damage sustained. The above-described acts, omissions, failures, and conduct of Defendant have cause Plaintiff's damages, which include, without limitation, the cost to properly repair Plaintiff's Property and any investigative and engineering fees incurred.

62.    For breach of contract, Plaintiff is entitled to regain the benefit of her bargain, which is the amount of their Claim, consequential damages, together with attorney's fees.

63.    For non-compliance with the DTPA and Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of benefits owed pursuant to the Policy, mental anguish, court costs, and attorney's fees. For knowing and

intentional conduct of the acts described above, Plaintiff asks for three (3) times her actual damages. TEX. INS. CODE §541.152 and TEX. BUS. & COM. CODE 17.50(b)(1).

64.     For non-compliance with Texas Insurance Code, Propmy Payment of Claims, Plaintiff is entitled to the amount of Plaintiff's Claim, plus an eighteen percent (18%) per annum penalty on that Claim, as damages, as well as pre-judgment interest and reasonable attorney's fees. TEX. INS. CODE §542.060.

65.     For breach of common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from Defendant's breach of duty, such as additional costs, economic hardship, looses due to the nonpayment of the amount Allstate owed, exemplary damages, and damages for emotional distress.

66.     Defendant's breach of the common law duty of good faith and fair dealing was committed intentionally, with a conscious indifference to Plaintiff's rights and welfare, and with "malice", as that term is defined in Chapter 41 of the Texas Civil Practices and Remedies Code. These violations are the type of conduct wich the State of Texas protect its citizens against by the imposition of exemplary damages. Therefore, Plaintiff seeks the recovery of exemplary damages in an amount determined by the finder of fact sufficied to punish Defendant for their wrongful conduct and to set an example to deter Defendant and others from committing similar acts in the future.

67.     For fraud, Plaintiff is entitled to recover actual and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

68.     For the prosecution and collection of this Claim, Plaintiff has been compelled to engage the services of the attorneys subscribed to this pleading. Therefore, under Chapter 38 of

the Texas Civil Practices and Remedies Code, sections 541 and 542 of the Texas Insurance Code, and section 17.50 of the DTPA, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or Supreme Court of Texas.

69. As required by Rule 47(b) of the Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limites of this Court. As required by Rule 47(c)(1) of the Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff seeks only monetary relief of $250,000.00 to $1,000,000.00, excluding interest, statutory or punitive damages and penalties, and attorney fees and costs. A jury will ultimately determine the monetary relief actually awarded, however. Plaintiff also seeks pre-judgement and post-judgement interest at the highest legal rate. Further, Plaintiff pleads out of the expedited action process governed by Texas Rule of Civil Procedure 169.

## JURY DEMAND

70. Plaintiff hereby requests a jury trial for all causes of action alleged herein, tried before a jury consisting of citizens residing in Harris County, Texas. Plaintiff hereby tenders the appropriate jury fee.

## PRAYER

Plaintiff prays that Defendant, Allstate Vehicle and Property Insurance Company, be cited and served to appear and that upon trial hereof, Kimerly Garcia, recovers from Defendant, such sums as would reasonably and justly compensate Plaintiff in accordance with the rules of law and procedure, as to actual, consequential, and treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary damages as may be found. In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal

of this case, for all costs of Court expended on Plaintiff's behalf, for pre-judgment and post-judgment interest as allowed by law, and for any other relief, at law or in equity, to which Plaintiff may show she is so justly entitled.

Respectfully submitted,

/s/ *Brandon Schilter*

Chad T. Wilson
Bar No. 24079587
G. Brandon Schilter
Bar No. 24098388
CHAD T. WILSON LAW FIRM PLLC
455 E Medical Center Blvd, Ste 555
Webster, Texas 77598
Telephone: (832) 415-1432
Facsimile: (281) 940-2137
eservice@cwilsonlaw.com
cwilson@cwilsonlaw.com
bschilter@cwilsonlaw.com
ATTORNEYS FOR PLAINTIFFS

*Plaintiff's Original Petition*                              *Page 14*

# EXHIBIT

# 3

4/15/2024 11:03 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 86650910
By: SHANNON NORTH-GONZALEZ
Filed: 4/15/2024 11:03 AM

Receipt Number: 1015570
Tracking Number: 74310435

EML
COPY OF PLEADING PROVIDED BY PLT

CAUSE NUMBER: 202422525

PLAINTIFF: GARCIA, KIMBERLY

vs.

DEFENDANT: ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY

In the 234th Judicial

District Court of

Harris County, Texas

CITATION

THE STATE OF TEXAS
County of Harris

TO: ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY SERVICE THORUGH ITS REGISTERED AGENT CT CORPORATION SYSTEM

1999 BRYAN STREET SUITE 900

DALLAS TX 75201

OR WHEREVER THEY MAY BE FOUND

Attached is a copy of PLAINTIFFS ORIGINAL PETITION.

This instrument was filed on April 9, 2024, in the above numbered and styled cause on the docket in the above Judicial District Court of Harris County, Texas, in the courthouse in the City of Houston, Texas. The instrument attached describes the claim against you.

YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

ISSUED AND GIVEN UNDER MY HAND and seal of said Court, at Houston, Texas, this April 10, 2024.

Marilyn Burgess
Marilyn Burgess, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002

Generated By: CYNTHIA CLAUSELL

Issued at request of:
SCHILTER, GEORGE BRANDON
PO BOX 57154
WEBSTER, TX 77598
832-264-0802
Bar Number: 24098388

Tracking Number: 74310435
EML

CAUSE NUMBER: 202422525

PLAINTIFF: GARCIA, KIMBERLY

In the 234th

vs.

Judicial District Court

DEFENDANT: ALLSTATE VEHICLE AND PROPERTY of Harris County, Texas

INSURANCE COMPANY

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at 11:30 o'clock A. M., on the 10 day of April 2024
Executed at (address) 1999 bryan st dallas tx
in dallas County
at 931 o'clock A M., on the 11 day of
april, 20 24, by delivering to allstate vehicle and property insurance Co. BSRA Ct Corp systems defendant,
in person, a true copy of this Citation together with the accompanying 1 copy(ies) of the
Plaintiffs Original Petition
attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this _____ day of
_____, 20 _____.

FEE: $ 80

_____
of _____

County, Texas

Patrice Halstead 11623 8-24 By: _____

Affiant                                    Deputy

On this day, _____ Patrise Halstead _____, known to me to be
the person whose signature
appears on the foregoing return, personally appeared. After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited
on the return.

SWORN TO AND SUBSCRIBED BEFORE ME on this 15 of
_____ April _____, 20 24

CARRIE MICHELLE DEAN
Notary Public, State of Texas
Comm. Expires 02-01-2026
Notary ID 133563213

Unofficial Copy Office of Marilyn Burgess District Clerk

_____
Notary Public

CARRIE MICHELLE DEAN
Notary Public, State of Texas
Comm. Expires 02-01-2026
Notary ID 1263213

Unofficial Copy Office of Marilyn Burgess District Clerk

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 86650910
Filing Code Description: No Fee Documents
Filing Description: ROS Allstate Vehicle and Property Insurance Company
Status as of 4/15/2024 11:12 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Chad T. Wilson | | eservice@cwilsonlaw.com | 4/15/2024 11:03:50 AM | SENT |
| Brandon Schilter | | bschilter@cwilsonlaw.com | 4/15/2024 11:03:50 AM | SENT |
| Samantha Gunn | | sgunn@cwilsonlaw.com | 4/15/2024 11:03:50 AM | SENT |

Unofficial Copy Office of Marilyn Burgess District Clerk

# EXHIBIT

# 4

4/19/2024 10:12 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 86847290
By: Rhonda Momon
Filed: 4/19/2024 10:12 AM

**NO. 2024-22525**

| | | |
|---|---|---|
| **KIMBERLY GARCIA,** | § | **IN THE JUDICIAL COURT OF** |
| | § | |
| **VS.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **ALLSTATE VEHICLE AND** | § | **234TH DISTRICT COURT** |
| **PROPERTY INSURANCE COMPANY** | § | |
| | § | |

## DEFENDANT'S ORIGINAL ANSWER AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Allstate Vehicle and Property Insurance Company, Defendant in the above styled and numbered cause of action, and in response to the complaints filed against it, would respectfully show unto this Honorable Court and Jury as follows:

### I.

### GENERAL DENIAL

At this time, Defendant asserts a general denial to Plaintiff's Original Petition, and all amended and/or supplemental petitions, as authorized by Rule 92, Texas Rules of Civil Procedure, and respectfully requests the Court and jury to requires Plaintiff to prove the claims, charges and allegations, by a preponderance of the evidence, as required by the Constitution and the laws of the State of Texas.

### II.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by policy exclusions and/or limitations which are listed in the policy made the basis of this suit.

1

### III.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because conditions precedent to Plaintiff's recovery have not occurred.  For example, and without limitation, Plaintiff failed to provide proper written notice prior to suit as required by Section 541 of the Texas Insurance Code and by ' 17.50(a) of the Texas Business and Commerce Code (Texas DTPA).

### IV.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because some or all of Plaintiff's claims are excluded by the applicable insurance policy.

### V.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because the injuries, damages, and losses alleged in Plaintiffs' pleadings, none being admitted, were proximately caused in whole or in part by the fault or negligence of Plaintiff or others.   Accordingly, Plaintiff's claims are barred or must be reduced under the doctrine of contributory or comparative fault.

### VI.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to cooperate in the handling of their claim, as required by the policy.

### VII.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive damages is barred because such an award would violate

2

Defendant's due process, equal protection, and other rights under the United States Constitution and the Constitution of the State of Texas.

## VIII.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff failed to allege conduct warranting imposition of exemplary or punitive damages under applicable state law.

## IX.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are subject to the proportionate responsibility provisions of Chapter 33 of the Texas Civil Practice and Remedies Code, including without limitation the requirement of ' 33.003 thereof that the trier of fact determine the relative responsibility of each claimant, defendant, and responsible third party that may be joined in this suit.

## X.

### NINTH AFFIRMATIVE DEFENSE

Defendant hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this answer.

## XI.

### TENTH AFFIRMATIVE DEFENSE

Defendant asserts the limitations and restrictions contained in Chapter 41 of the Texas Civil Practice and Remedies Code.

COMES NOW, Defendant and formally requests a jury trial pursuant to Rule 216 of the Texas Rules of Civil Procedure and tenders the jury fee.

3

## REQUEST FOR DISCLOSURE

Under Texas Rules of Civil Procedure 190 and 194 Defendant requests Plaintiff's disclosure, within thirty (30) days from the date this request is served, the information or materials described in Rule 190.2(b)(6) and 194.2.

WHEREFORE, PREMISES CONSIDERED, Defendant, Allstate Vehicle And Property Insurance Company, prays that the Plaintiff recovers nothing of and from the Defendant by reason of this suit, that Defendant be discharged without delay, with costs of court, and for such other and further relief, both general and special, at law and in equity, to which Defendant may show itself justly entitled, and for which Defendant will in duty bound, forever pray.

Respectfully submitted,

HOPE & CAUSEY, P. C.

*Alexander S. Taylor*

_____
Alexander S. Taylor
State Bar No. 24098505
P. O. Box 3188
Conroe, Texas 77305-3188
(936) 441-4673 - Metro
(936) 441-4674 - Facsimile
hcdocket@hope-causey.com

### ATTORNEYS FOR DEFENDANTS

Please be advised that the *only* valid email address for service of all documents in all matters handled by this firm is hcdocket@hope-causey.com.

4

## **CERTIFICATE OF SERVICE**

Pursuant to Rules 21. and 21a. of the Texas Rules of Civil Procedure, I hereby certify that the original of Defendant's Original Answer and Request for Disclosure has been filed with the clerk of the court in writing, and a true and correct copy of Defendant's Original Answer and Request for Disclosure has been delivered to all interested parties on 19th day of April, 2024, correctly addressed to:

G. Brandon Schilter
Chad T. Wilson Law Firm, PLLC
455 E. Medical Center Blvd., Suite 555
Webster, Texas 77598
bschilter@cwilsonlaw.com

**ATTORNEY FOR PLAINTIFF**


*Alexander S. Taylor*
_____
Alexander S. Taylor

5

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

John Causey on behalf of Alexander Taylor
Bar No. 24098505
hcdocket@hope-causey.com
Envelope ID: 86847290
Filing Code Description: Answer/ Response / Waiver
Filing Description: Defendant's Original Answer
Status as of 4/19/2024 12:04 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Chad T. Wilson | | eservice@cwilsonlaw.com | 4/19/2024 10:12:33 AM | SENT |
| Brandon Schilter | | bschilter@cwilsonlaw.com | 4/19/2024 10:12:33 AM | SENT |
| Samantha Gunn | | sgunn@cwilsonlaw.com | 4/19/2024 10:12:33 AM | SENT |

Unofficial Copy Office of Marilyn Burgess District Clerk

# EXHIBIT

# B

**HCDistrictclerk.com**    GARCIA, KIMBERLY vs. ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY    5/1/2024
Cause: 202422525        CDI: 7        Court: 234

## DOCUMENTS

| Number | Document | Post Jdgm | Date | Pgs |
|---|---|---|---|---|
| 113937772 | Defendant's Original Answer | | 04/19/2024 | 6 |
| 113835417 | Citation (Executed) Allstate Vehicle & Property Insurance | | 04/15/2024 | 4 |
| 113746159 | Plaintiffs Original Petition | | 04/09/2024 | 14 |
| ·> 113746160 | Request for Issuance of Service | | 04/09/2024 | 1 |

# EXHIBIT

# C

JS 44 (Rev. 03/24)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Kimberly Garcia

**DEFENDANTS**

Allstate Vehicle and Property Insurance Company

**(b)** County of Residence of First Listed Plaintiff    Harris
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Dallas
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Brandon G. Schliter, Chad T. Wilson Law Firm, 455 E. Medical Center Blvd., Suite 555, Webster, Texas 77598, and (832) 415-1432

Attorneys *(If Known)*
Alexander S. Taylor, Hope & Causey, P.C., PO Box 3188, Conroe, Texas 77305 and (936) 441-4673

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [x] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [x] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

### CONTRACT
- [x] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

### REAL PROPERTY
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

### TORTS
**PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

**PERSONAL INJURY**
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

### CIVIL RIGHTS
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

### PRISONER PETITIONS
**Habeas Corpus:**
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty
**Other:**
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

### FORFEITURE/PENALTY
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

### LABOR
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

### IMMIGRATION
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

### BANKRUPTCY
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

### INTELLECTUAL PROPERTY RIGHTS
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

### SOCIAL SECURITY
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

### FEDERAL TAX SUITS
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [ ] 1 Original Proceeding
- [x] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1441(b)(3)

Brief description of cause:
Removal from State to Federal Court because jurisdiction and amount in controversy

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:    [x] Yes    [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*

JUDGE    Lauren Reeder    DOCKET NUMBER    2024-22525

DATE
05/01/2024

SIGNATURE OF ATTORNEY OF RECORD
Alexander S. Taylor

**FOR OFFICE USE ONLY**

RECEIPT #____    AMOUNT____    APPLYING IFP____    JUDGE____    MAG. JUDGE____